UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P199-H

**BRIAN ANDRE WARREN**                                                                 **PLAINTIFF**

v.

**UNITED STATES OF AMERICA**                                                          **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Brian Andre Warren, a Michigan state prisoner, filed this *pro se* complaint against the United States. This case is now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over this action and will transfer it to the Court of Federal Claims.

**I.**

In November of 1991, Plaintiff Brian Andre Warren was discharged from the army "under other than honorable conditions." Plaintiff claims that the United States failed to comply with prescribed procedures in discharging him. As a result, he is seeking a name clearing hearing, reinstatement to the pay Grade of SPC/E-4, and full back pay at the annual rate of not less than $35,000.

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power

authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 50 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

"As a sovereign, the United States 'is immune from suit save as it consents to be sued.'" *Henderson v. United States*, 517 U.S. 654, 673 (1996) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, (1941)). "'A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.'" *Id.* (quoting *Block v. North Dakota ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983)).

The Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), provide a limited waiver of sovereign immunity. Those Acts provide "subject matter jurisdiction . . . for non-tort claims' against the United States . . . founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States.'" *Atayalic v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) (quoting 28 U.S.C. § 1346(a)(2)). "The Tucker Act confers jurisdiction over such claims upon the Court of Federal Claims, *see* 28 U.S.C. § 1491; the Little Tucker Act confers concurrent jurisdiction upon district courts when the amount of the damage claim is $ 10,000 or

less." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 539 n.13 (1999)). Thus, claims in excess of $10,000 are within the <u>exclusive jurisdiction of the Court of Federal Claims</u>. *See, e.g.*, *Barney v. United States Air Force*, No. 94-3744, 1994 U.S. App. LEXIS 35232 (6th Cir. Dec. 12, 1994).

Because Plaintiff is seeking back pay from the United States in an amount well over $10,000, his claim is in the exclusive jurisdiction of the Court of Federal Claims, and this Court is without jurisdiction to act on it. *See Shaw v. Gwatney*, 795 F.2d 1351, 1356 (8th Cir. 1986) (vacating district court's award of back pay because the district court acted outside of its jurisdiction under § 1346 where the claim exceeded $10,000).

While the Administrative Procedures Act provides for a waiver of immunity as to Plaintiff's non-tort claims for equitable relief, the Court finds such claims to be collateral to the plaintiff's claims for monetary relief. As such, the Court does not find it appropriate to exercise jurisdiction over such claims. *See Sosa v. Sec'y DOD*, 47 Fed. App'x 350, 351 (6th Cir. 2002) ("A party cannot circumvent the Tucker Act's jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is tantamount to a judgment for money damages. If the prime objective of the complaining party is simply to obtain money from the federal government, the case belongs in the Court of Federal Claims."); *Greene v. United States Army Reserve*, 222 F. Supp. 2d 198, 201 (D. Conn. 2002) (same).

Accordingly, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims.

### III.

Under 28 U.S.C. § 1631, if a court lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could

have been brought at the time it was filed or noticed," which, in this case, would be to the Court of Federal Claims. An argument could be made that a transfer would be futile as it appears from the face of the complaint that this action may be time-barred. *See, e.g., Schaefer v. FTC*, No. 1:03-cv-0418, 2005 U.S. Dist. LEXIS 28058 (S.D. Ind. Sept. 16 2005) (dismissing instead of transferring claims to Court of Federal Claims because they appeared to be time-barred). The Sixth Circuit, however, has indicated that the interests of justice are better served by transferring such a case to the Court of Federal Claims for resolution. *See Sosa*, 47 Fed. App'x at 351 (remanding case to the district court for transfer because even though the case might be time-barred "the most prudent course of action . . . is to transfer [the] complaint to the Court of Federal Claims and allow that court to determine the timeliness of [the] complaint"). Accordingly, the Court will transfer this action to Court of Federal Claims.

        The Court will enter an order consistent with this memorandum opinion.

Date:

cc:      Plaintiff, *pro se*
           U.S. Attorney
           Clerk, United States Court of Federal Claims